UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81046-CIV-MIDDLEBROOKS/JOHNSON

CHALFONTE CONDOMINIUM
APARTMENT ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.                 /

## ORDER

THIS CAUSE comes before the Court upon Defendant QBE Insurance Corporation's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (DE 23) filed on March 19, 2007. Plaintiff filed a Response. Defendant filed a Reply, and Plaintiff filed a Notice of Supplemental Authority. I have reviewed the pleadings in this matter and am fully informed in the premises.

This case involves a dispute between a condominium association and an insurance company regarding the condominium association's insurance policy issued by Defendant and Plaintiff's loss caused by Hurricane Wilma which it alleges is covered by the policy. Defendant moves to dismiss Count IV of Plaintiff's Amended Complaint arguing that it does not state a cause of action where the count alleges the policy issued by Defendant violated a Florida Statute. Plaintiff responds addressing its other counts, and as to Count IV asserts that it has adequately pleaded a cause of action for a statutory violation. As Defendant's Motion to Dismiss was only directed at Count IV, I will not address the other arguments raised by Plaintiff. This order only addresses whether Count IV of Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

**Standard for a Motion to Dismiss**

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of the motion to dismiss, the complaint is construed in

the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Analysis**

Count IV of Plaintiff's Amended Complaint states that it is a violation of Section 627.701, Florida Statutes.  The crux of the count is that the insurance contract at issue in this case is alleged to have contained a separate hurricane deductible and a coinsurance provision.  Florida Statute Section 627.701(4)(a) states, in relevant part, that:

> [a]ny policy that contains a separate hurricane deductible must on its face include in boldfaced type no smaller than 18 points the following statement: "THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU."  A policy containing a coinsurance provision applicable to hurricane losses must on its face include in boldfaced type no smaller than 18 points the following statement: "THIS POLICY CONTAINS A CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU."

Plaintiff alleges the insurance contract at issue in this case should have contained these two statements and did not, thus, violating Section 627.701(4)(a).  Plaintiff cites no case or statute for the proposition that it has a legal basis upon which to bring its claim.  Plaintiff cites two cases on the coinsurance issue, *United States Fire Insurance Company v. Roberts*, 541 So.2d 1297 (Fla. 1st DCA 1989), and *Kent Insurance Company v. Rincon Argentina, Inc.*, 418 So.2d 285 (Fla. 3d DCA 1982).  Neither of these cases support the position that Plaintiff can bring a cause of action for Defendant's violation of Section 627.701(4)(a).  *Roberts* involved an insurance company invoking the coinsurance clause of an insurance contract as a penalty against its insured because the insured's property was undervalued.  *Roberts*, 541 So.2d at 1298.  The trial court found, and the First District Court of Appeal agreed, that because the contract did not contained the statutorily required notification the coinsurance provision was void.  *Id.* at 1299.  Plaintiff cites *Kent* explaining that the

*Kent* decision is affirming a judgment awarded pursuant to Section 627.701. The court in *Kent* only addressed the interest rate on the judgment, and while the court cited Section 627.701, the mere citation does not support Plaintiff's position. The *Kent* opinion includes no facts regarding what the Plaintiff's cause of action was, or what cause of action the judgment was based on. Neither of these cases persuade me that Plaintiff has a private right of action against Defendant for a violation of a state statute. This is not to say that the statute and Defendant's alleged violation cannot be used in this case, including but not limited to possibly determining a coinsurance provision is void as the court did in *Roberts*. However, use of such violations in the case does not merit allowing Plaintiff to maintain a separate count for the violation of Section 627.701.

Plaintiff also cited to orders from a case in the Northern District of Florida in its Notice of Supplemental Authority, in support of its position, *Stallworth v. Hartford Ins. Co.*, 2007 WL 805610 (N.D. Fla. 2007), and *Stallworth v. Hartford Ins. Co.*, 2006 WL 2711597 (N.D. Fla. 2006). In the *Stallworth* orders, the motions to dismiss addressed by the court involved claims for breach of contract, breach of implied warranty of good faith and fair dealing, and unfair claim settlement practices. Nothing in the orders cited by Plaintiff supports the position that Plaintiff can bring a cause of action for a violation of a statute. There is a reluctance to read a private right of action into a state statute where a state court has not done so, and the plain language of the statute does not establish the private right of action. *See Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992). The language of Section 627.701 does not provide a private right of action. Plaintiff has not cited a case which supports the position that it has a private right of action for a violation of Section 627.701, nor did the Court's research reveal such a case. Once again, I point out that this does not preclude Plaintiff from using Defendant's violation of this statutory section as part of its other causes of action if applicable. However, Plaintiff cannot bring a cause of action against Defendant for having violated a state statute that provides no private cause of action. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). This issue presents a dispositive issue of law. Even assuming

3

all facts in Plaintiff's Complaint are true, Plaintiff has not pleaded a proper cause of action under Count IV.   Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant QBE Insurance Corporation's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (DE 23) is GRANTED. Count IV of Plaintiff's Amended Complaint is DISMISSED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 18th day of May, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to:   counsel of record