UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81046-CIV-MIDDLEBROOKS/JOHNSON

CHALFONTE CONDOMINIUM
APARTMENT ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.            /

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (DE 51). Plaintiff has filed a response (DE 77), and the Defendant filed a Reply (DE 85). I have reviewed the pleadings in this matter and am fully informed in the premises.

**Background**

This case involves Plaintiff Chalfonte Condominium Apartment Association, Inc.'s claim that Defendant QBE Insurance Company is liable for damages caused to Chalfonte by Hurricane Wilma. Chalfonte claims that is suffered damages in excess of $12 million dollars, and QBE has not provided it any insurance proceeds. QBE, on the other hand, asserts that Chalfonte's damage from Hurricane Wilma did not meet the threshold for the applicable deductible.

In its motion for summary judgment, QBE argues that it is entitled to summary judgment as to each count. As to count one, seeking declaratory relief, QBE argues that this count only seeks a declaration that the co-insurance provision of the contract is void. QBE asserts that it has not raised the issue of co-insurance in denying Chalfonte's claim and therefore, there is no genuine issue of material fact as to this count. As to count two, which is Plaintiff's breach of contract claim, QBE argues that it is entitled to summary judgment because Chalfonte cannot prove the required damages. As to count three, QBE argues that this claim for breach of implied duty of good faith "is nothing more than a dressed up claim grounded in bad faith against QBE as an insurance carrier." Motion at 6. Therefore, the claim must be dismissed because an insured cannot bring a bad faith claim until the underlying coverage dispute is resolved. Plaintiff

responds in opposition arguing its declaratory judgment count is not only about the co-insurance provision of the contract, but also seeks to have a determination that the insurance policy is valid and enforceable, and that Chalfonte is entitled to coverage under the policy for the damages it sustained. Plaintiff argues that in regarding to the breach of contract claim there are genuine issues of material fact that preclude summary judgment being entered where the parties disagree about the nature and extent of the damage sustained. In regarding to count three of Plaintiff's complaint, it asserts that a breach of implied duty of good faith is separate from a bad faith action and thus, QBE's argument is without merit.

**Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the non-moving party's case

necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

**Analysis**

Defendant's argument that it is entitled to summary judgment as to count one of Plaintiff's claim is without merit.  Defendant argues that it is entitled to summary judgment because the claim for declaratory relief only seeks relief as to whether one provision of the insurance contract, the co-insurance provision, is void, and QBE did not raise the issue of co-insurance in this case.  Chalfonte's claim in count seeks more than that.  It seeks a declaration that the insurance contract is valid and enforceable, and that it is entitled to insurance coverage for the damaged it sustained.  While QBE admitted that it issued an insurance policy to Chalfonte which was to provide coverage for named windstorms to its insured for direct physical loss to the property, and such policy is valid and enforceable, it did not admit that Chalfonte is entitled to insurance coverage for the damage it sustained.  Answer ¶3,8.  As to the co-insurance provision of the contract, which is one part of Plaintiff's claim for declaratory relief where Plaintiff has alleged that it is void and Defendant denied such allegation in its answer, summary judgment is not appropriate.

Defendant's argument that it is entitled to summary judgment as to Plaintiff's breach of contract claim also misses the mark because there is a dispute between the parties as to what damage was caused by the hurricane and whether such damage is covered by the policy.  QBE correctly states the requirements for a breach of contract claim under Florida law, (1) a valid contract, (2) material breach, and (3) damage.  *Cibran Enterprises v. BP Products N. Am. Ins.*, 365 F.Supp.2d 1241 (S.D. Fla. 2005).  Essentially QBE argues that Chalfonte cannot prove that the damage it alleges was proximately caused by QBE's breach.  Both parties have retained experts in this matter to opine about the damage caused to Chalfonte's property.  These experts disagree as to this very issue.  Where more than one inference can be drawn from the evidence, summary judgment is not appropriate.  *See Jeffrey v. Sarasota White Sox Inc.*, 64 F.3d 590, 594

(11th Cir. 1995). The experts disagree as to the nature and extent of damage caused to Chalfonte. This is precisely the type of situation where summary judgment is not appropriate.

The last count on which Defendant moves for summary judgment is Plaintiff's claim for breach of implied warranty of good faith and fair dealing. Defendant's argument on this point is a more legal one. It argues that there is no cause of action for breach of an implied duty or covenant of good faith and fair dealing. Motion at 6. Instead it argues Plaintiff's claim is really one for bad faith which cannot be brought until the underlying coverage dispute is determined. Motion at 6-7. The two causes of action are different and both exist under Florida law. "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). A breach of implied covenant of good faith and fair dealing cannot be maintained absent breach of an express term of the contract. *Id.* at 1152. Chalfonte has properly alleged a breach of implied covenant of good faith and fair dealing in count three where it alleged breach of an express term of the contract, QBE's failure to pay a covered loss, and then goes on to allege QBE's failed to act in good faith as required by Florida law by, including but not limited to, failing to fairly and promptly investigate the damage claim. Chalfonte's claim is one for breach of implied warranty of good faith and fair dealing just as it states, not a claim for bad faith as QBE suggests. Defendant is not entitled to summary judgment as to this count. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE 51) is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 1st day of August, 2007.

_____

                                                DONALD M. MIDDLEBROOKS  
                                                UNITED STATES DISTRICT JUDGE

copies to:     counsel of record